UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA DILLON JAMIESON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>HOVEN VISION, LLC,<br><br>　　　　　　　　　Defendant. | Case No.: 22-CV-117 TWR (AHG)<br><br>**ORDER DENYING DEFENDANT HOVEN VISION, LLC'S MOTION TO DISMISS THE COMPLAINT**<br><br>(ECF No. 10) |

Presently before the Court is Defendant Hoven Vision, LLC's Motion to Dismiss the Complaint ("Mot.," ECF No. 10), as well as Plaintiff Jana Dillon Jamieson's Response in Opposition to ("Opp'n," ECF No. 11) and Defendant's Reply in Support of ("Reply," ECF No. 13) the Motion. The Court vacated the hearing and took the Motion under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). (*See* ECF No. 12.) Having carefully considered Plaintiff's Complaint ("Compl.," ECF No. 1), the record, the Parties' arguments, and the relevant law, the Court **DENIES** Defendant's Motion.

## BACKGROUND

Plaintiff is a professional photographer based in Hawaii. (*See* Compl. ¶¶ 9, 14.) Defendant is California limited liability company based in San Diego, California, that manufactures and distributes "eyewear with a focus on sunglasses." (*See id.* ¶¶ 10, 18.)

Plaintiff advertised a "Half Day" photography package including "4 Hours of Creative Time On-Location," "8 Edited Images," and "Rights to 8 Final edited images" for $3,000 (the "Half Day Package"). (*See* ECF No. 10-1 ("1st Supp. Sehgal Decl.") ¶ 4; ECF No. 10-2 ("Sehgal Ex. A").[1]) On January 27, 2015, Defendant contacted Plaintiff about a possible photoshoot for Defendant's products. (*See* Compl. ¶ 43; *see also* ECF No. 1-5 ("Compl. Ex. 4") Email #1; ECF No. 11-1 ("Jamieson Decl.") ¶ 7.) Plaintiff performed several photoshoots for Defendant in February 2015. (*See* Compl. Ex. 4 Emails #2–6; Jamieson Decl. ¶¶ 9–12.) Although she had not yet been paid, Plaintiff sent Defendant the resulting photographs that are at issues in this action (the "relevant photos") at Defendant's request. (*See* Compl. ¶¶ 45–46; Jamieson Decl. ¶¶ 13–14.)

On April 15, 2015, Plaintiff sent Defendant an invoice for $3,960. (*See* 1st Supp. Sehgal Decl. ¶ 5; ECF No. 10-3 ("Sehgal Ex. B") at 3–4;[2] ECF No. 10-4 ("Sehgal Ex. C").) Defendant wrote back that it was their "understanding that there was a budget for a bundle," and Plaintiff responded that she "believe[d] it was the half day package for $3,000." (*See* Sehgal Ex. B at 3.) Defendant responded that it "believe[d] the package that [they] talked about was in the ball park of $3,000 for 16 high resolution images with rights to use them as [Defendant] s[aw] fit." (*See id.* at 2.)

On April 21, 2015, Plaintiff sent Defendant an updated invoice for $3,000. (*See* 1st Supp. Sehgal Decl. ¶ 7; ECF No. 10-5 ("Sehgal Ex. D").) On June 12, 2015, Plaintiff followed up after seeing one of the relevant photos in an ad in a magazine, asking whether

---

[1] Because Defendant has "converted the motion to dismiss into a factual motion by presenting affidavits or other evidence," *see Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *See id.* (citing *Savage*, 343 F.3d at 1039 n.2 (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000))). Under these circumstances, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Id.* (citing *White*, 227 F.3d at 1242).

[2] Pin citations to Sehgal Exhibits B and E refer to the CM/ECF pagination electronically stamped in the top, right corner of each page.

Defendant had received the updated invoice and whether there was "an estimated time on when [payment] might be sent out." (*See* 1st Supp. Sehgal Decl. ¶ 8; Sehgal Ex. E at 3.) On June 15, 2015, Defendant responded that "the invoice mentions 8 images, but [Defendant] only could really use 3 images from the shoot." (*See id.*) Defendant therefore requested "the final invoice for the 3 images that [it] ha[d] chosen[.]" (*See id.*) Plaintiff responded that same day, explaining that,

> The service that was originally requested was for the "Half Day Package[,]" which is a set price that gives you the ability to use up to 8 images from the shoot. If you decide not to use the extra images, that's totally fine and up to you. It's a set package that allows services to be cheaper versus building out the services a la carte where we itemize the services.

(*See id.* at 2–3.)

Plaintiff followed up again on June 24, 2015, to "see . . . if [Defendant] had a chance to receive the last updated invoice." (*See id.* at 2.) Defendant responded that same day, acknowledging it "kn[e]w [they] discussed the packages [Plaintiff] offered and decided 8 images would be a good amount of content. However, . . . [Defendant] w[as] only able to use 3 of the images so the all-together invoice for the 8 images doesn't seem to resonate." (*See id.*) Defendant added it "was under the impression this invoice would be . . . more fluid as [Defendant] made clear what [its] expectations were." (*See id.*)

On July 24, 2015, Plaintiff emailed Defendant through its employee Conor Coleman, instructing Defendant "to please stop using all or any of [the relevant photos] until payment is received and . . . we come to an agreement." (*See* Jamieson Decl. ¶ 18; ECF No. 11-2 ("Jamieson Ex. 1").) There was no further communication between Plaintiff and Defendant, (*see* Supp. Sehgal Decl. ¶ 10), and Defendant never paid Plaintiff for the relevant photos. (*See* Jamieson Decl. ¶ 20.)

In August and September 2019, Plaintiff discovered that Defendant was using the relevant photos on its social media accounts and in catalogues, magazines, and merchandise listings. (*See* Compl. ¶¶ 30–41; Jamieson Decl. ¶ 19.) Plaintiff registered the relevant photographs under Registration No. VA 2-169-518 with the United States

Copyright Office on September 6, 2019, (*see* Compl. ¶ 29; Jamieson Decl. ¶ 22), and again instructed Defendant to cease using the relevant photographs. (*See* Jamieson Decl. ¶ 20.)

Plaintiff subsequently filed a lawsuit against Defendant for copyright infringement in the United States District Court for the District of Colorado nearly five years later on April 21, 2020 (the "Colorado action"). *See* Complaint, *Jamieson v. Hoven Vision LLC*, No. 1:20-cv-01122-WJM-KLM (D. Colo. Apr. 21, 2020), ECF No. 1. In the Colorado action, Plaintiff alleged that she was the sole owner of the relevant photos, (*see id.* ¶ 8), which Defendant was using on its website, catalogs, advertisements, and third-party websites without a license or Plaintiff's permission or consent. (*See id.* ¶¶ 10–11.)

On June 12, 2020, Defendant moved to dismiss the Colorado action for lack of personal jurisdiction and for sanctions in the form of its attorneys' fees. *See* Defendant's Motion to Dismiss Plaintiff's Complaint and for Sanctions or in the Alternative to Stay Pending Resolution of Plaintiff's Counsel's Suspension from Practicing, *Jamieson v. Hoven Vision LLC*, No. 1:20-cv-01122-WJM-KLM (D. Colo. June 12, 2020), ECF No. 15; (*see also* ECF No. 10-7 ("Moskin Decl.") ¶ 3). In response, Plaintiff voluntarily dismissed the Colorado Action. *See* Notice of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(i), *Jamieson v. Hoven Vision LLC*, No. 1:20-cv-01122-WJM-KLM (D. Colo. July 6, 2020), ECF No. 19; (*see also* Moskin Decl. ¶ 4).

Plaintiff initiated the instant action for copyright infringement on January 28, 2022. (*See generally* Compl.) Generally, she again alleges that she discovered in 2019 that Defendant was using the relevant photos from the 2015 photoshoot despite its failure to compensate her or license the relevant photos. (*See generally id.*) The instant Motion followed on June 27, 2022. (*See generally* Mot.)

## LEGAL STANDARD

A party may challenge the court's subject-matter jurisdiction through a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1); *see also White*, 227 F.3d at 1242. Because "[f]ederal courts are courts of limited jurisdiction," "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Consequently, "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White*, 227 F.2d at 1242. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

"A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* (citing *Safe Air for Everyone*, 373 F.3d at 1039; *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof[]'" and "prov[e] by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.* (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010); *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012)). "With one caveat, if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Id.* at 1121–22 (citing *Safe Air for Everyone*, 373 F.3d at 1039–40; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Thornhill Publ'g*, 594 F.2d at 733). "The caveat is that a court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." *Id.* at 1122 n.3 (citing *Safe Air for Everyone*, 373 F.3d at 1039–40; *Augustine*, 704 F.2d at 1077).

/ / /

/ / /

# ANALYSIS

Defendant requests dismissal with prejudice of the instant action for lack of subject-matter jurisdiction and an award of its attorneys' fees because "Plaintiff's assertion of jurisdiction does not appear to be well-grounded in fact or warranted by existing law, and appears to serve an improper purpose of causing needless burden and expense to Defendant." (*See* Mot. at 2, 6–7, 13–14 & n.2, 15 n.4, 16.[3]) Specifically, Defendant contends that, "although the action was (and still is) styled as one for copyright infringement, it is in fact merely a contract dispute." (*See id.* at 6.) Plaintiff's response is three-fold: (1) the Parties never reached an agreement, (*see, e.g.*, Opp'n at 11–13); (2) even if the Parties had reached an agreement, no license was granted because Defendant failed to remit any payment, (*see id.* at 13–16); and (3) even if the Parties had reached an agreement and Defendant's failure to remit any payment was not a condition precedent, Plaintiff rescinded the agreement on July 14, 2015. (*See id.* at 16–19.)

As Defendant notes, (*see id.* at 12), in the Ninth Circuit,

> an action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction, 17 U.S.C. § 101, or asserts a claim requiring construction of the Act . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

*JustMed, Inc. v. Byce*, 600 F.3d 1118, 1123–24 (9th Cir. 2010) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)). Here, Plaintiff explicitly asserts claims under the Act for direct and contributory copyright infringement, (*see* Compl. ¶¶ 74–89), and seeks remedies expressly granted by the Act. (*See id.* at Prayer ¶¶ (b)–(d).) Consequently, under Ninth Circuit law, Plaintiff's action "arises under" the Act.

/ / /

---

[3] To avoid ambiguity, pin citations to Defendant's Motion are to the CM/ECF page numbers electronically stamped in the top, right corner of each page.

The Ninth Circuit has cautioned that "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional," *see Safe Air for Everyone*, 373 F.3d at 1039 (alteration in original) (quoting *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983)), and are only "warranted 'where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous.'" *See id.* (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). "[Defendant] ha[s] not argued that [Plaintiff]'s federal claims are 'immaterial,' 'made solely for the purpose of obtaining federal jurisdiction,' or 'wholly insubstantial and frivolous.'" *See id.* at 1040 (quoting *Bell*, 327 U.S. at 682–83). Instead, Defendant essentially argues that Plaintiff cannot own the rights to the relevant photos because Plaintiff contractually assigned her rights to Defendant. (*See, e.g.*, Mot. at 6.)

As Plaintiff observes in her Opposition, however, "a court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." (Opp'n at 10 (quoting *Leite*, 749 F.3d at 1122 n.3).) Whether Plaintiff owns valid copyrights in the relevant photographs such that she has "alleged a claim that comes within [the Copyright Act]'s reach goes to the merits of [her] action." *See Safe Air for Everyone*, 373 F.3d at 1040 (citing *Sun Valley*, 711 F.2d at 140); *see also Beach Front Villas, LLC v. Rogers*, No. CV 18-00457 LEK-RLP, 2019 WL 1223305, at *6 (D. Haw. Mar. 15, 2019) ("Here, [the Copyright Act] provides both [Plaintiff]'s substantive claim for relief, as well as federal subject matter jurisdiction over [Plaintiff]'s claim."). The Court therefore **DENIES** Defendant's Motion. *See, e.g.*, *Bell*, 327 U.S. at 682 ("Jurisdiction, therefore, is not defeated . . . by the possibility that the averments might fail to state a cause of action . . . . For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction."); *Safe Air for Everyone*, 373 F.3d at 1040 (reversing district court's Rule 12(b)(1) dismissal where jurisdiction and merits were intertwined under the Resource Conservation and Recovery Act of 1976);

*Beach Front Villas*, 2019 WL 1223305, at *6 (denying Rule 12(b)(1) motion to remand where the defendant removed after filing counterclaim for copyright infringement because the plaintiff's waiver argument went to the merits of the copyright counterclaim). "The denial of the Motion does not preclude [Defendant] from filing a similar argument in a later motion that is more appropriate, such as a motion for summary judgment." *See Beach Front Villas*, 2019 WL 1223305, at *6.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant's Motion to Dismiss (ECF No. 10). Defendant **SHALL ANSWER** the Complaint in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated: October 24, 2022

_____
Honorable Todd W. Robinson
United States District Judge